**2024 WI 41**

# Supreme Court of Wisconsin



BOARD OF BAR EXAMINERS, et al.,
*Complainants,*

*v.*

JASON S. JANKOWSKI,
*Respondent.*

No. 2018XX342-BA
Decided December 3, 2024

ATTORNEY REINSTATEMENT PROCEEDING.

¶1    PER CURIAM.    We review a report filed by Referee Charles H. Barr recommending that the court approve a stipulation between the Office of Lawyer Regulation (OLR) and Jason S. Jankowski and reinstate Attorney Jankowski's license to practice law in Wisconsin, with conditions. Upon careful review of the matter, we adopt the referee's findings of fact and conclusions of law and agree that Attorney Jankowski's petition for reinstatement should be granted, upon the conditions set forth therein. We also find it appropriate to require Attorney Jankowski to pay the costs of this reinstatement proceeding, which are $4,108.87.

¶2    Attorney Jankowski was conditionally admitted to practice law in Wisconsin on December 15, 2014. His license to practice law was expressly conditioned upon his compliance with certain requirements for a period of three years from the date of his admission to practice. *See* Supreme Court Rule (SCR) 40.075(4). The Board of Bar Examiners extended Attorney Jankowski's conditional admission to four years in July 2017.

¶3 On May 8, 2018, this court revoked Attorney Jankowski's license to practice law in Wisconsin due to his willful failure to comply with the terms of his conditional admission.

¶4 Attorney Jankowski filed a petition for the reinstatement of his law license on September 18, 2023. The OLR initially opposed the petition. On July 18, 2024, OLR and Attorney Jankowski entered into a stipulation whereby OLR withdrew its opposition to the petition for reinstatement, and the parties jointly recommend that Attorney Jankowski's license to practice law in Wisconsin be reinstated, subject to agreed-upon conditions.

¶5 The stipulation states that both parties have had independent medical/psychological evaluations conducted concerning Attorney Jankowski, and both evaluators have agreed that with conditions imposed on his practice, Attorney Jankowski is fit to return to the practice of law.

¶6 The parties jointly recommend that conditions be imposed on Attorney Jankowski's practice of law, requiring him to:

a. Within 14 days of the execution of a stipulation to reinstate, Attorney Jankowski shall reinstate with a therapeutic provider for the purpose of engaging in formal, consistent therapy for issues to include, but not be limited to, AODA and anger management. This condition must be accomplished prior to Attorney Jankowski's reinstatement. Attorney Jankowski shall continue such therapy until his provider discharges him from therapy.
b. Within 30 days of his reinstatement, Attorney Jankowski shall enter into a contract with the Wisconsin Lawyer Assistance Program (WisLAP) to participate in its monitoring program for a period of 30 months.
c. Attorney Jankowski shall self-report to OLR within 72 hours any police contact involving drug or alcohol violations, arrests, or criminal charges brought against him.
d. Attorney Jankowski shall pay all costs incurred under this proceeding, including the cost of therapy.

¶7 The parties' stipulation further provided that in the event OLR or WisLAP determine that Attorney Jankowski has failed to comply with any of the conditions contained in the stipulation, OLR may petition

this court for a summary and immediate suspension of Attorney Jankowski's license to practice law in Wisconsin pending any further investigation or proceedings that may be necessary under the circumstances.

¶8     The stipulation stated that Attorney Jankowski fully understands his rights to contest the imposition of any conditions on his reinstatement; the ramifications of his entry into the stipulation; that he has the right to consult counsel and in fact has had counsel represent him throughout the proceedings. Attorney Jankowski further averred that his entry into the stipulation was made knowingly and voluntarily.

¶9     The OLR filed a memorandum in support of the stipulation in which it states that while it initially opposed Attorney Jankowski's petition for reinstatement, upon review of the independent medical/psychological evaluations conducted by both parties it believes that with conditions placed on Attorney Jankowski, including therapy and monitoring, he is now fit to return to the practice of law. The OLR notes that both experts opined that there was no discernable reason that would prevent Attorney Jankowski from returning to the practice of law; that he appears to have made significant gains as a result of the treatment he has received in the past and has actively sought out new strategies to cope and manage his behaviors; and if he engages in ongoing treatment he can be successful in his career as an attorney.

¶10     On August 26, 2024, the referee issued a report and recommendation recommending that the court approve the stipulation and grant Attorney Jankowski's petition for reinstatement. The referee noted that in order to be reinstated to practice, Attorney Jankowski must demonstrate that he has the moral character to practice law in Wisconsin; that his resumption of the practice of law will not be detrimental to the administration of justice or subversive of the public interest; and that his representations in the petition are substantiated. *See* SCR 22.305(1)-(3). The referee said OLR's withdrawal of its opposition to the reinstatement petition necessarily implies that Attorney Jankowski has complied with all of those requirements to its satisfaction, subject to the proposed conditions imposed on his practice. The referee found that Attorney Jankowski has demonstrated all of the requirements set forth in SCR 22.305(1)-(3).

¶11     In recommending that this court grant Attorney Jankowski's petition for reinstatement, subject to conditions, the referee states:

The conditions, in combination, appear to be logically designed to accomplish their purpose. In particular, under the WisLAP contract Attorney Jankowski will be objectively monitored for 30 months, even if he is discharged from individual therapy at an earlier date. He will also receive individual therapy for the length of time deemed appropriate by the therapist, whether shorter or longer than 30 months, on personal issues that could interfere with his practice. OLR has a swift and effective remedy if it becomes aware of non-compliance with any condition.

¶12 When we review a referee's report and recommendation, we will adopt the referee's findings of fact unless they are clearly erroneous. Conclusions of law are reviewed de novo. *See In re Disciplinary Proceedings Against Eisenberg*, 2004 WI 14, ¶5, 269 Wis. 2d 43, 675 N.W.2d 747.

¶13 Supreme Court Rule 22.29(4) sets forth all of the requirements that an attorney seeking reinstatement of his license to practice law must show, and an attorney has the burden of demonstrating all of the requirements by clear, satisfactory, and convincing evidence. *See* SCR 22.31(1)(c). In addition, as the referee noted, SCR 22.31(1) also provides that an attorney seeking reinstatement must show by clear, satisfactory, and convincing evidence that he or she has the moral character to practice law; that his or her resumption of the practice of law will not be detrimental to the administration of justice or subversive to the public interest; and that he or she has complied with SCR 22.26 and the terms of the order suspending or revoking his or her license.

¶14 Upon review of the record, including the parties' stipulation and OLR's memorandum in support of the stipulation, we adopt the referee's findings of fact and conclusions of law and we agree that Attorney Jankowski has established by clear, satisfactory, and convincing evidence that he has satisfied all the criteria necessary for reinstatement and may be reinstated, upon the conditions outlined in the stipulation. As is our custom, we also find it appropriate to impose the full costs of the proceeding on Attorney Jankowski.

¶15 IT IS ORDERED that the license of Jason S. Jankowski to practice law in Wisconsin is reinstated, subject to compliance with the following conditions:

a.  Prior to the reinstatement of his license to practice law, Attorney Jankowski shall reinstate with a therapeutic provider for the purpose of engaging in formal, consistent therapy for issues to include, but not be limited to, AODA and anger management. Attorney Jankowski shall continue such therapy until his provider discharges him from therapy.

b.  Within 30 days of his reinstatement, Attorney Jankowski shall enter into a contract with WisLAP to participate in its monitoring program for a period of 30 months.

c.  Attorney Jankowski shall self-report to OLR within 72 hours any police contact involving drug or alcohol violations, arrests, or criminal charges brought against him.

d.  Attorney Jankowski shall pay all costs incurred under this proceeding, including the cost of therapy.

e.  In the event OLR or WisLAP determine that Attorney Jankowski has failed to comply with any of the conditions contained in the stipulation between OLR and Attorney Jankowski, OLR may petition this court for a summary and immediate suspension of Attorney Jankowski's license to practice law pending any further investigation or proceedings that may be necessary under the circumstances.

¶16    IT IS FURTHER ORDERED that the license of Jason S. Jankowski to practice law shall be reinstated as of the date he informs the court that he has reinstated with a therapeutic provider as described above.

¶17    IT IS FURTHER ORDERED that within 60 days of the date of this order, Jason S. Jankowski shall pay to the Office of Lawyer Regulation the costs of this proceeding, which are $4,108.87, or enter into a payment agreement plan with the Office of Lawyer Regulation for the full payment of costs over a period of time.